UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL ALFRED MANGANELLO,

    Plaintiff,

v.                                      Case No:   2:22-cv-343-JES-NPM

JACINDA HAYNES,

    Defendant.

_____

**ORDER**

    This matter comes before the Court on review of the Complaint and Request for Injunction (Doc. #1) filed on May 31, 2022. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

    Paul Alfred Manganello filed his *pro se* Complaint against Jacinda Haynes, "Court Marshall Second District Court of Appeals", both citizens of Florida.  Plaintiff specifically states that a federal question "is not" the basis for jurisdiction. Jurisdiction of federal courts is limited by the provisions of Article III of the United States Constitution and Acts of Congress. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978).

See also 28 U.S.C. § 1331.  Subject-matter jurisdiction may also be present because of diversity.  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  Plaintiff has not identified a federal statute or specific section of the United States Constitution, and both parties are citizens of Florida.  The case cannot proceed without subject matter jurisdiction and the Complaint will be dismissed on this basis.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations.  Fed. R. Civ. P. 8(a)(2), (d)(1).  Rule 10 of the Federal Rules further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).  *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard.  GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [ ] or to rewrite

an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

The "Statement of Claim" provides the following facts:

> Places me in impaired state of mind while DRIVING disrupts my central nervous system and places me under a[n] unsurmountable amount of pressure. This is ongoing abuse of me, my daughter and family in our cars and in the home. Abuse History for knowing past nine (9) years. Places me in handicap states of mind immolating handicap characteristics and bodily disfigurement.

(Doc. #1, p. 4.) The Court finds that the stated facts are insufficient to comply with Rules 8 and 10, and therefore the Complaint will be dismissed. Plaintiff will be provided an opportunity to allege jurisdiction and a claim based on the guidelines below.

In amending to state jurisdiction, plaintiff should also take the opportunity to address deficiencies to comply with the Federal Rules of Civil Procedure. Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court

> already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Under Rule 10(b),

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims.  Plaintiff should include references to the federal laws and/or sections of the United States Constitution that have been violated, and the specific actions taken by defendant or defendants supported by a statement of facts.  Plaintiff must name as Defendant only those persons or entities who are responsible for the alleged constitutional violations or federal right providing federal jurisdiction.  In doing so, plaintiff must allege which acts were committed by each defendant individually and separately, and how each act entitles plaintiff to relief. Plaintiff must do so in separate, enumerated paragraphs.  For additional resources and assistance, plaintiff may wish to review

the form complaints available on the Court's website, for example https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.[1]

Accordingly, it is hereby

**ORDERED:**

The Complaint and Request for Injunction (Doc. #1) is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim without prejudice to filing an "amended complaint" within **THIRTY (30) DAYS** of this Order if plaintiff is able to present federal jurisdiction in this Court and a plausible claim for relief.  **If not amended complaint is filed, the case will be closed without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of June 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

---

[1] The website has tips, answers to frequently-asked questions, and sample forms.  There is also a link that may help plaintiff generate the amended complaint.