```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

PAUL ALFRED MANGANELLO,

    Plaintiff,

v.                                Case No:   2:22-cv-343-JES-NPM

JACINDA HAYNES, Second
District Court of Appeals,

    Defendant.

_____

## **ORDER OF DISMISSAL**

    This matter comes before the Court on review of *pro se* plaintiff's Amended Complaint (Doc. #4) filed on June 13, 2022, in response to the Court's Order (Doc. #3) dismissing the Complaint for lack of subject matter jurisdiction[1] and failure to state a claim[2].

    In the Amended Complaint, plaintiff asserts that defendant remotely accessed his home power supply and abused him with radio

---

[1] The Court found an absence of diversity in citizenship and no federal question asserted.  (Doc. #3, p. 2.)

[2] The Statement of Claim in the original pleading was found insufficient:

> Places me in impaired state of mind while DRIVING disrupts my central nervous system and places me under a[n] unsurmountable amount of pressure. This is ongoing abuse of me, my daughter and family in our cars and in the home. Abuse History for knowing past nine (9) years. Places me in handicap states of mind immolating handicap characteristics and bodily disfigurement.

(Doc. #3, p. 3) (citing Doc. #1, p. 4).

frequency and that it occurs on a daily basis at all hours. Plaintiff goes on to allege:

> stalking with intent to kill physical abuse with Agency issued or personal instrument used to aid people and save people from emergency entrapment. Performs "procedures on me constantly/emergency responder procedures and also procedures to cover my throat.
>
> Repeatedly hits pressure points on head, neck, face and body Remotely access home power supply and abuses me with radio frequency I am stopped from reporting to law enforcement. All telephone, internet, intercepted.

(Doc. #4, p. 5.) Plaintiff attaches a traffic crash report and asserts that defendant caused four accidents. (Id., p. 6.)

As a basis for federal jurisdiction, plaintiff asserts "stalking abuse" under 18 U.S.C. § 2261A. This statute provides that whoever travels in interstate or foreign commerce "with the intent to kill, injury, harass, intimidate" or uses mail or other electronic communication that "places that person in reasonable fear of the death of, or serious bodily injury" is punishable by imprisonment and/or fines. 18 U.S.C. § 2261A.

> Nevertheless, having carefully reviewed § 2261A, we cannot find anything in its plain language to indicate that it is more than a "bare criminal statute." See Cort v. Ash, 422 U.S. 66, 80, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975). Section 2261 also does not explicitly contain a private right of action, and § 2264's provisions for restitution plainly state that the penalty is "in addition to any other" penalty authorized by law—thus, neither of these provisions provide for a private

> right of action either. Further, there is no evidence from which we can infer that Congress intended to create a private right of action under § 2261A.

Rock v. BAE Sys., Inc., 556 F. App'x 869, 871 (11th Cir. 2014). As plaintiff cannot assert a private civil cause of action under the federal criminal statute, the Court continues to have no subject matter jurisdiction. Having previously provided plaintiff an opportunity to assert subject matter jurisdiction, the case will be dismissed without an opportunity to amend. The Court notes, if the case is reasserted with a new case number, that the case should be filed in the Tampa Division of the Middle District of Florida. M.D. Fla. R. 1.04(a). The defendant resides in Lakeland (Polk County) and the attached accident reports, to the extent relevant, show that the accident occurred in Lakeland, Florida. See M.D. Fla. R. 1.04(b) (an action must begin in the division "most directly connected or in which the action is most conveniently advanced"). Therefore, the case is alternatively dismissed as not properly filed in the Fort Myers Division.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Amended Complaint (Doc. #4) is **DISMISSED** without prejudice for lack of subject matter jurisdiction and venue. The Clerk shall terminate all pending motions and deadlines, including

the Emergency Motion for Preliminary Injunction (Doc. #5), and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of June 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record